Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000622
24-MAY-2013
08:23 AM

NO. CAAP-11-0000622

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBIN BARTHOLOMEW, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(DISTRICT COURT SPECIAL PROCEEDING NO. 11-1-0002)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Robin Bartholomew ("Bartholomew") appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief ("Order"), filed on July 22, 2011, in the District Court of the Second Circuit, Wailuku Division ("District Court").[1] On August 16, 2000, Bartholomew was found guilty of Theft in the Third Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-832 (1993) after pleading no contest to the charge. At the time of Bartholomew's conviction, Theft in the Third Degree was classified as a misdemeanor for which a defendant could be sentenced to a maximum of one year of imprisonment and a fine of $2,000. Haw. Rev. Stat. §§ 706-640 (Supp. 2012), - 663 (1993). During the colloquy that preceded the acceptance of his plea, the District Court incorrectly informed Bartholomew that the maximum penalty for Theft in the Third Degree was thirty days in jail and a fine of $1,000. Bartholomew was sentenced to one year of probation, ordered to pay a $50 criminal injury compensation fee, and required to complete forty hours of community service and a chemical-dependency program, as well as remain gainfully

---

[1] The Honorable Blaine J. Kobayashi presided.

employed.

On appeal, Bartholomew contends that the District Court erred in finding that Bartholomew's claims were patently frivolous and without a trace of support in the record[2/] because (1) his *nolo contendere* plea was not made knowingly, intelligently, and voluntarily because the District Court misstated the maximum possible sentence[3/] and (2) he did not understand the nature of the charge and the consequences of the plea because the District Court did not inform him of the potential consequences associated with a plea made by someone who was not a United States citizen.[4/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bartholomew's points of error as follows:

(1) "[W]hen a defendant moves to withdraw a plea of nolo contendere under HRPP 32(d) after imposition of sentence, only a showing of manifest injustice will entitle the defendant to withdraw his or her plea." *State v. Nguyen*, 81 Hawaiʻi 279, 286, 916 P.2d 689, 696 (1996) (citing *State v. Adams*, 76 Hawaiʻi

---

[2/]    Bartholomew incorporates the "patently frivolous and without a trace of support in the record" language in a section entitled "Questions Presented for Review," which proceeds then to summarize the earlier-identified points of error.  The language suggests that Bartholomew intends to argue that the District Court erred in not providing him with an evidentiary hearing to address his March 30, 2011 Petition to Vacate, Set Aside, or Correct Judgment ("Petition"), but he makes no such argument.  Therefore, we deem it to be waived.  Haw. R. App. P. 28(b)(7).

[3/]    Bartholomew contends that he did not understand "the nature of the charge," because "he was informed that consequences would be that of a petty misdemeanor conviction when in fact the court adjudicated him guilty of a misdemeanor."  It is not clear whether Bartholomew means to contend that there were any consequences associated with the alleged misinformation beyond those that arose from the erroneous explanation of the maximum possible sentence, which we address below.  If he does mean to suggest that there are other consequences, he does not address them, and we deem the argument waived.  Haw. R. App. P. 29(b)(7).

[4/]    Bartholomew's statement of points of error in the opening brief do not comply with Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 28(b)(4).  As such, his points may be disregarded.  Nevertheless, recognizing the Hawaiʻi appellate courts' policy of having appeals heard on the merits where possible, *Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995), the issues raised in Bartholomew's appeal will be analyzed and addressed to the extent possible.  Counsel is further warned about the need to comply with the formatting requirements contained in HRAP Rule 32(a).  Future violations of the rule may result in the imposition of sanctions under HRAP Rule 30.

408, 411, 879 P.2d 513, 516 (1994)).[5]

A defendant must be informed of "the maximum penalty provided by law, and the maximum sentence of any extended term of imprisonment, which may be imposed for the offense to which the plea is offered[.]"  Haw. R. Pen. P. 11(c)(2).  Thus, the District Court erred by advising Bartholomew that the maximum penalty and term of imprisonment was *less* than the term provided for in HRS §§ 706-663 and 706-640.  The error was harmless, however, because the District Court sentenced Bartholomew to less time than it had (erroneously) warned Bartholomew that he might receive; Bartholomew was given no jail time and not fined more than $1,000.  *See State v. Cornelio*, 68 Haw. 644, 647, 727 P.2d 1125, 1127 (1986) (harmless error to inform defendant that maximum term of imprisonment was ten years when he pled no contest to a class A felony with a maximum term of twenty years but received a five-year term).  Therefore, Bartholomew fails to show manifest injustice.

(2) Before accepting Bartholomew's no contest plea, and as part of a more lengthy colloquy, the District Court asked, "Now, if you're not a citizen of the United States - - well, are you a citizen of the United States?"  Bartholomew answered, "Yes, your Honor."  Presumably because of that response, the District Court did not explain to Bartholomew that, were he a non-citizen, pleading to the offense for which he was charged "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  Haw. R. Pen. P. 11(c)(5).

Although the District Court erred in not completing the colloquy, it was harmless under the circumstances.  Bartholomew does not contend that any of the information excluded by the District Court was relevant to him; consequently, he demonstrates no prejudice.  *See People v. Delvillar*, 922 N.E.2d 330, 337 (Ill. 2009) (U.S. citizens "face no immigration consequences as a result of entering a guilty plea"); *cf. Cun-Lara v. State*, 126

---

[5]     We construe Bartholomew's Petition as a request to withdraw his plea, pursuant to Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 32(d), which directs that such relief, sought more than ten days after imposition of sentence, may only be sought pursuant to HRPP Rule 40.

Hawai'i 541, 551, 273 P.3d 1227, 1237 (2012) (a defense attorney generally only need advise a *non-citizen* client that criminal charges may carry a risk of adverse immigration consequences). Therefore, Bartholomew fails to show manifest injustice.

Therefore, the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, filed on July 22, 2011 in the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED: Honolulu, Hawai'i, May 24, 2013.

On the briefs:

Matson Kelley
for Petitioner-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge